UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| Quincy Kwasi Aboagy Sintim and | § | |
| Shirley Mills Sintim | § | CASE NO. 17-30896 |
| | § | CHAPTER 7 |
| DEBTORS | § | |

_____

| | | |
|---|---|---|
| | § | |
| BRIAN LARSON and MICHELE LARSON | § | ADV. NO. _____ |
| | § | |
| Plaintiffs | § | COMPLAINT FOR: |
| | § | |
| v. | § | NONDISCHARGEABILITY OF |
| | § | DEBT PURSUANT TO |
| QUINCY KWASI ABOAGY SINTIM AND | § | 11 U.S.C. § 523(a)(4) AND |
| SHIRLEY MILLS SINTIM | § | 11 U.S.C. § 523(a)(6) |
| | § | |
| Defendants. | § | |

**CREDITORS', BRIAN AND MICHELLE LARSON, COMPLAINT TO DETERMINE
DEBTORS' DISCHARGEABILITY AND IN OBJECTION OF DISCHARGE**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT
YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY
CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU
AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A
RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST
FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE
THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE
MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY
RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER
NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT
REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.
UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY
CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE
MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Brian Larson and Michele Larson, Creditors of Debtors Quincy Kwasi Aboagy Sintim and Shirley Mills Sintim, pursuant to 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(6), and allege as follows:

## I. <u>INTRODUCTION</u>

1.     Debtor/Defendants Quincy Kwasi Aboagy Sintim and Shirley Mills Sintim (the "Sintims") have engaged in a pattern of fraud and deceit that mandate dismissal of their bankruptcy petition without discharge, or, alternatively, require a finding that their debt to Creditor/Plaintiffs Brian Larson and Michele Larson (the "Larsons") be deemed nondischargeable.

2.     First, the Sintims' debt to the Larsons arises from a lawsuit in which the Court found that the Sintims committed fraud in a real estate transaction. Per 11 U.S.C. § 523(a)(2)(A), this finding renders the Sintims' debt to the Larsons nondischargeable.

3.     Second, the Sintims' conduct during the real estate transaction constituted "willful and malicious injury by the debtor to another entity," as evidenced by the Final Judgment entered against the Sintims in District Court. Per 11 U.S.C. § 523(a)(6), all or part of the debt owed by the Sintims to the Larsons is not dischargeable in bankruptcy, as it is a debt for willful and malicious injury.

## II. <u>JURISDICTION AND VENUE</u>

4.     This is an adversary proceeding in which the Larsons, as plaintiffs/creditors, seek a determination as to the dischargeability of the debt owed to them by the Sintims, as debtors, under 11 U.S.C. § 523(a)(4) and 523(a)(6). This action arises from the Sintims' Chapter 7 bankruptcy, pending before this Court as Case No. 17-30896.

5.      This Court has jurisdiction over this adversary action pursuant to 11 U.S.C. § 523. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

6.      Venue of this adversary proceeding is proper in the United States Bankruptcy Court for the Southern District of Texas, Houston Division, under the provisions of 28 U.S.C. § 1409. Debtors' Chapter 7 bankruptcy is pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

## III. PARTIES

7.      The Larsons are judgment creditors of the Sintims.

8.      Debtor/Defendant Quincy Kwasi Aboagy Sintim is an individual who at all times relevant herein has been a resident of Harris County, Texas. He may be served with Summons and a copy of this complaint at his residence, located at 16707 Southern Oaks Drive, Houston, Texas 77068, or wherever he may be found.

9.      Debtor/Defendant Shirley Mills Sintim is an individual who at all times relevant herein has been a resident of Harris County, Texas. She may be served with Summons and a copy of this complaint at her residence, located at 16707 Southern Oaks Drive, Houston, Texas 77068, or wherever she may be found.

## IV. GENERAL AVERMENTS

10.      The Sintims' debt to the Larsons arises from a December 20, 2002, Final Judgment on a fraud claim related to the sale of real property located at 5539 Woodland Glade, Houston, Harris County, Texas 77006 (the "Woodland Glade Property"). The originating case is styled: *Larson, et al. v. Sintim, et al.*; Case No. 2002-40624A; in the 152nd Judicial District of Harris County, Texas.

11.      The Larsons entered into a contract with the Sintims to purchase the Woodland Glade

Property in the summer of 2001. Prior to entering the contract, the Larsons reviewed Seller's Disclosure Notice, as prepared by the Sintims (the "Disclosures"), and through which the Sintims made the following representations: (a) the home's interior walls were free of defects or malfunctions; (b) the roof was free of defects or malfunctions; (c) the roof was free of water penetration and was not in need of any structural repair.

12.     The Larsons closed the purchase of the Woodland Glade Property on September 14, 2002, and shortly thereafter discovered that toxic molds ("Black Mold") infested the interior walls, including the insulation and sheetrock. Subsequent investigation revealed that the Black Mold developed from water damage due to roof damage and leaks.

13.     All of these conditions were in existence prior to the sale of the Woodland Glade Property, and the Sintims had actual knowledge of the same. However, the Sintims never revealed these conditions to the Larsons, and intentionally hid any signs of the Black Mold or roof damage in an effort to induce the Larsons to purchase the property.

14.     The Sintims knowingly made false, misleading statements that the Woodland Glade Property was of a particular quality when, in fact, it was not. Specifically, the Sintims represented that the home was fit for habitation and free from defects, including roof and water damage. The Sintims' representations were material, and the Larsons would not have agreed to purchase the Woodland Glade Property had they known about the falsity of such representations.

15.     The Larsons justifiably relied on the Sintims' fraudulent representations, as set forth in the Disclosures, and entered into a contract for the purchase of the Woodland Glade Property. As a result of their reliance on the Sintims' representations, the Larsons suffered substantial injuries and damages, including: repairs and remediation, loss of appreciation, loss of market value, stigma and

loss of ability to sell, lost equity, damage to credit, mental anguish, personal injury, court costs, and attorney's fees. The Larsons also requested exemplary damages due to the Sintims' false and misleading statements in violation of the Deceptive Trade Practices Act ("DTPA").

16.     A Final Judgment has already determined these issues. Per the Final Judgment, The Court found that the Sintims made "false and material" representations to the Larsons regarding the condition of the Woodland Glade Property and "that the representations were made knowingly to induce [the Larsons] to purchase the home." A true and correct copy of the Final Judgment is attached hereto as **Exhibit A**.

17.     In the Final Judgment, the Larsons were awarded $109,173.21 in actual damages, $218,346.42 in punitive damages, prejudgment and post-judgment interest at the rate of 10% per annum until paid, and $131,007.86 in reasonable attorney's fees. *See* Exhibit A. To date, this judgment remains unsatisfied. The value of the judgment as of February 9, 2017 (the date on which the Sintims filed for bankruptcy), totals $1,904,819.89.

18.     On October 27, 2003, the Larsons filed an Abstract of Judgment in Harris County, Texas, for the amounts contained in the Final Judgment. A true and correct copy of the 2003 Abstract of Judgment is attached hereto as **Exhibit B**. Subsequently, the Sintims filed a motion to set aside the judgment or, alternatively, for new trial. The Court did not rule on the motion, and it was overruled by operation of law.

19.     On or around April 28, 2011, the Sintims purchased real property located at 16707 Southern Oaks Drive, Houston, Harris County, Texas 77068 (the "Southern Oaks Property"). However, this was not designated as the Sintims' homestead in the Harris County real property records. At the time they purchased the Southern Oaks Property, real property located at 5203

Norborne Lane, Houston, Harris County, Texas 77069 (the "Norborne Lane Property") was designated as the Sintims' homestead.

20.     On November 29, 2012, the Larsons secured the issuance of a writ of execution on the Final Judgment and attempted to conduct post-judgment discovery. In response, the Sintims filed a Motion to Quash the discovery and alleged that: the Larsons' writ of execution was defective; the 2002 Final Judgment was dormant; and the trial court no longer had jurisdiction over the dispute. On October 9, 2014, the Court denied the Sintims' Motion to Quash; and on October 15, 2014, the Court ordered the Sintims to respond to discovery requests and to pay $3,500 in sanctions.

21.     On October 30, 2014, the Sintims filed a Notice of Appeal challenging the Court's October 9 and October 15, 2014, Orders. The Appeal is styled: *Sintim, et al. v. Larson, et al.*; No. 14-14-00896-CV; Texas 14th Court of Appeals. On May 19, 2016, the Court of Appeals entered a Judgment that dismissed the Sintims' claims challenging the validity of the Final Judgment and post-judgment orders. It also affirmed the trial court's award of sanctions. A true and correct copy of the Judgment is attached hereto as **Exhibit C**.

22.     During the pendency of the appeal, on May 23, 2014, the Larsons filed a second Abstract of Judgment for the amounts contained in the Final Judgment. A true and correct copy of the 2014 Abstract of Judgment is attached hereto as **Exhibit D**. Presumably in response to the new Abstract of Judgment, the Sintims and related entities initiated a series of transfers with respect to the Southern Oaks Property.

23.     On July 2, 2014, the Sintims conveyed the Southern Oaks Property to QSS Interests, LLC. On November 3, 2015, QSS Interests, LLC conveyed the Southern Oaks Property back to the Sintims– who then immediately conveyed it to the Qunicy K-A Sintim and Shirley Mills Sintim

Revocable Living Trust UTA 7/2/14 (the "Trust"). At some unknown time after the Southern Oaks

Property was conveyed to the Trust, it was designated as the Sintims' homestead.

24.     On October 6, 2016, the Larsons filed an Application for Turnover Relief and Request

for Appointment of Receiver with respect to the Southern Oaks Property. On November 1, 2016, the

Court granted the Larsons' Application; appointed Samuel B. Collins as Receiver; and authorized

Mr. Collins to take possession of the Southern Oaks Property and take all necessary steps to sell it.

A true and correct copy of the Order is attached hereto as **Exhibit E**.

25.     In the Order, the Court also made the following conclusions of law:

"a)     'When an abstract of judgment is recorded and indexed it constitutes a lien
and attaches to any real property owned by the defendant that is not exempt.'
*Hankins v. Harris*, 2016 WL 4032639 (Tex. App., Hou [1st District] July 26,
2016).

b)     When Sintim purchased the Southern Oaks Drive property, it was not
designated as Sintim's homestead.

c)     When Sintim purchase[d] the Southern Oaks Drive property it was not
exempt.

d)     When Sintim purchase[d] the Southern Oaks Drive property the abstract of
judgment filed in this matter constituted a lien and attached to the Southern
Oaks Drive property.

e)     Larson property filed and recorded a judgment lien on the Southern Oaks
Drive property.

f)     The Larsons' judgment lien attached to the Southern Oaks Drive property
before [the Sintims] designated the Southern Oaks Drive property as his
homestead.

g)     The Southern Oaks Drive property may be used to satisfy the Larsons'
judgment lien as the Southern Oaks Drive property is not exempt from
attachment, execution, seizure or receivership."

*See* Exhibit E.

26.     On February 9, 2017, the Sintims voluntarily filed for Chapter 7 Bankruptcy, and filed a Suggestion of Bankruptcy in District Court. Throughout their bankruptcy filings, the Sintims knowingly and intentionally provided false information to this Court, the Trustee, and their Creditors as follows:

a)     As part of their Schedule A/B, the Sintims claim that they do not own a legal or equitable interest in any Trusts or equitable or future interests in property. The Sintims also claim that "within 10 years before [they] filed for bankruptcy, [they did not] transfer any property to a self-settled trust or similar device of which [they] are a beneficiary." These statements are clearly false, as exemplified by the Sintims' November 3, 2015, transfer of real property, located at 16707 Southern Oaks Drive, Houston, Texas, to the Qunicy K-A Sintim and Shirley Mills Sintim Revocable Living Trust UTA 7/2/14.

b)     As part of their Schedule C, the Sintims claim that the Southern Oaks Drive property, held by the Qunicy K-A Sintim and Shirley Mills Sintim Revocable Living Trust UTA 7/2/14, is their homestead. However, this claim completely disregards the District Court's November 1, 2016, Order stating that such property was not the Sintims' homestead at the time they purchased it, and is "not exempt from attachment, execution, seizure or receivership."

c)     In their Schedule D, the Sintims fail to properly identify the Larsons as creditors with claims secured by property. Instead, as part of their Schedule E/F, the Larsons are characterized as nonpriority, unsecured creditors. This blatant and intentional mischaracterization directly contradicts the District Court's November 1, 2016, Order stating that the Larson's abstract of judgment "constituted a lien and attached to the Southern Oaks Drive property," and that the judgment lien attached "before [the Sintims] designated the Southern Oaks Drive property as [their] homestead."

27.     The Sintims' conduct throughout their dealings with the Larsons, including filing for Chapter 7 bankruptcy, is part of a continuous pattern of behavior to enrich themselves and to avoid paying their outstanding debts to the Larsons and other creditors.

## V. OBJECTIONS TO DISCHARGEABILITY

28.     The Sintims are indebted to the Larsons as fully detailed above herein, and the debt is not dischargeable in bankruptcy per the provisions of 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6).

## A. FIRST CLAIM FOR RELIEF

**(For a Determination That the Sintims' Debts Are Not Dischargeable
Pursuant to 11 U.S.C. § 523(a)(2)(A))**

29.     The Larsons incorporate by reference the allegations contained in paragraphs 1-28 above as though fully set forth herein.

30.     Bankruptcy Code § 523(a)(2)(A) provides, in relevant part, that:

    (a)    A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt–

    (2)    for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by–

    (A)    false pretenses, a false representation or actual fraud...

31.     The Sintims' debt to the Larsons arises from a Final Judgment wherein the District Court found that the Sintims' conduct at the time they entered into an agreement with the Larsons for the sale of real property (the Woodland Glade Property) constituted fraud and false representations. *See* Ex. A at P. 2. The Larsons had justifiable reliance on the Sintims' representations with respect to this real estate transaction.

32.     A Final Judgment has already determined these issues. The Final Judgment states:

"[The Sintims'] representations were false and material. [The Larsons] relied on these representations to their injury and damage and that the representations were made knowingly to induce [the Larsons] to purchase the home." *Id.*

33.     The validity of the Final Judgment was upheld on appeal. *See* Ex. C. The Sintims are estopped from any and all methods of reversing the Final Judgment, and filed this bankruptcy as a last-ditch effort to avoid paying the Larsons.

34.     All or part of the debt owed to the Larsons, as evidence by the Final Judgment entered against the Sintims, is non-dischargeable as it is a debt for "money, property, [or] services...that was obtained by false pretenses, a false representation or actual fraud" within the meaning of 11 U.S.C. § 523(a)(2)(A). As such, the Sintims' fraudulent conduct precludes dischargeability of their outstanding debt to the Larsons.

## B. SECOND CLAIM FOR RELIEF

### (For a Determination That the Sintims' Debts Are Not Dischargeable Pursuant to 11 U.S.C. § 523(a)(6))

35.     The Larsons incorporate by reference the allegations contained in paragraphs 1-34 above as though fully set forth herein.

36.     Bankruptcy Code § 523(a)(6) provides, in relevant part, that:

   (a)      A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt–

   ...

   (6)      or willful and malicious injury by the debtor to another entity or to the property of another entity.

37.     The Sintims' debt to the Larsons arises from a real estate transaction, wherein the

Sintims engaged in the following willful and malicious acts, among others:

a)      The Sintims intentionally made false representations to the Larsons that the Woodland Glade Property was in good condition and fit for habitation;

b)      The Sintims intentionally made false representations to the Larsons that the Woodland Glade Property did not have any known defects or malfunctions of the interior walls or roof;

c)      The Sintims intentionally made false representations to the Larsons that the Woodland Glade Property did not have any water penetration; and

d)      The Sintims intentionally made false representations to the Larsons that they were not aware of any item, equipment, or system at the Woodland Glade Property that was in need of repair.

38.     In committing the acts described above herein, the Sintims acted willfully, maliciously, and with deliberate intent to deceive the Larsons and induce them to purchase the Woodland Glade Property. A Final Judgment already determined that the Larsons suffered damages as a direct and proximate result of the Sintims' fraud and defalcation, and subsequently awarded the Larsons $109,173.21 in actual damages, $218,346.42 in punitive damages, prejudgment and post-judgment interest at the rate of 10% per annum until paid, and $131,007.86 in reasonable attorney's fees. *See* Exhibit A at P. 2; *see also* Ex. B.  This debt remains unpaid, and has continued to increase annually to a balance of $1,904,819.89, as of February 9, 2017.

39.     All or part of the debt owed to the Larsons, as evidence by the Final Judgment entered against the Sintims, is non-dischargeable as it is a debt for "willful and malicious injury" caused by the Sintims within the meaning of 11 U.S.C. § 523(a)(6). As such, the Sintims' fraudulent conduct, resulting in willful and malicious injury to the Larsons, precludes dischargeability of their outstanding debt to the Larsons.

## **PRAYER**

WHEREFORE, Brian Larson and Michele Larson pray for the entry of judgment against the

Quincy Kwasi Aboagy Sintim and Shirley Mills Sintim as follows:

1.     That the Court determine that the Sintims' debts to the Larsons be ruled nondischargeable as a result of their fraudulent activities and misrepresentations involving the sale of real property, as embodied by the District Court's December 20, 2002, Final Judgment, and by virtue of the provisions of 11 U.S.C. § 523(a)(2)(A);

2.     That the Court determine that the Sintims' debts to the Larsons be ruled nondischargeable, as a result of their willful and malicious injury to the Larsons in a sales transaction, and by virtue of the provisions of 11 U.S.C. § 523(a)(6);

3.     For an award of attorneys' fees as allowable by the law in an amount the Court determines to be reasonable;

4.     For costs of suit herein incurred; and

5.     For such other and further relief as this Court deems just and proper.

DATED: May 8, 2017

Respectfully submitted,

SHOWALTER LAW FIRM

By: /s/ David W. Showalter
       David W. Showalter
       TBA# 18306500
       SD ID 5703

1117 FM 359, Suite 200
Richmond, Texas 77406
(281) 341-5577
(281) 762-6872 (FAX)
mail@showalterlaw.com

ATTORNEY FOR
CREDITORS/PLAINTIFFS
BRIAN AND MICHELE LARSON

OCT 2 9 2003



**ABSTRACT OF JUDGMENT**

**CAUSE NO.** 2002-40624A

**RECEIPT NO.** 163276

MICHELE LARSON AND
BRIAN LARSON

**IN THE DISTRICT COURT**

VS.

**OF HARRIS COUNTY, TEXAS**

QUINCY K.A. SINTIM ET AL

**152ND JUDICIAL DISTRICT**

I, CHARLES BACARISSE, DISTRICT CLERK of Harris County, Texas, do hereby certify that the following and foregoing is a true and correct Abstract of the Judgment rendered in the 152ND DISTRICT COURT on the 20TH day of DECEMBER, 2002 in Cause No. 2002-40624A in favor of **MICHELE LARSON AND BRIAN LARSON** Judgment Creditor(s), in Judgment, vs.

| JUDGMENT DEBTOR(S) | DOB | TDL | SS# |
|---|---|---|---|
| **QUINCY K.A. SINTIM AND SHIRLEY H. MILLS N/K/A SHIRLEY H. SINTIM, jointly and severally,** | UNKNOWN | UNKNOWN | UNKNOWN |

5539 WOODLAND GLADE, HOUSTON TX 77066-5115
Judgment debtor(s) in said Judgment, as appears of record in my office in Image No. 1359716 for the 152ND Judicial District Court of Harris County, Texas.

Amount of Judgment:
$109,173.21 as actual damages; $218,346.42 as punitive damages, plus prejudgment interest at the rate of (10%) per annum;

Amount of Attorney Fees:
$131,007.98;

Rate of Interest:
Post Judgment interest on the total of the above at the rate of (10%) per annum from the date of this judgment until paid;

Amount of Cost:
Plaintiff recoverable costs: $150.00;

Amount of Credits:
None;

Amount Due:
Full amount;

Given under my hand and seal of said Court at Houston, Texas this 27th day of October, 2003, A.D.

Issued at the request of:
JAMES I SMITH
LAW OFFICES OF DAVID W SHOWALTER PC
5231 BELLAIRE BLVD
HOUSTON TX 77401-3901

Bar No.: 18742000

CHARLES BACARISSE, District Clerk
HARRIS COUNTY, T E X A S

**Exhibit**

**B**

BY Ouida Y. Butler Deputy
OUIDA Y. BUTLER

March 10, 2016



# JUDGMENT

## The Fourteenth Court of Appeals

QUINCY K.A. SINTIM AND SHIRLEY H. MILLS N/K/A SHIRLEY H.
SINTIM, Appellants

NO. 14-14-00896-CV                    V.

MICHELE LARSON AND BRIAN LARSON, Appellees

This cause, an appeal from the default judgment in favor of appellees, Michele Larson and Brian Larson, signed December 20, 2002, and from post-judgment discovery orders signed October 9, 2014, and October 15, 2014, was heard on the transcript of the record.  We **DISMISS** for want of jurisdiction the portions of appellants Quincy K.A. Sintim's and Shirley H. Mills n/k/a Shirley H. Sintim's appeal challenging the validity of the default judgment and the trial court's post-judgment orders as they concern post-judgment discovery.  We **AFFIRM** the trial court's award of attorney's fees as sanctions.

We order the Sintims, jointly and severally, to pay all costs incurred in this appeal.

We further order this decision certified below for observance.

**Exhibit**

**C**
_____



# MANDATE
## The Fourteenth Court of Appeals
### NO. 14-14-00896-CV

| | |
|---|---|
| Quincy K.A. Sintim and Shirley H. Mills n/k/a Shirley H. Sintim, Appellants v. Michele Larson and Brian Larson, Appellees | Appealed from the 152nd District Court of Harris County. (Trial Court No. 2002-40624A). Opinion delivered by Justice Boyce. Justices Busby and Brown also participating. |

**TO THE 152ND DISTRICT COURT OF HARRIS COUNTY, GREETINGS:**

Before our Court of Appeals on March 10, 2016, the cause upon appeal to revise or reverse your judgment was determined. Our Court of Appeals made its order in these words:

This cause, an appeal from the default judgment in favor of appellees, Michele Larson and Brian Larson, signed December 20, 2002, and from post-judgment discovery orders signed October 9, 2014, and October 15, 2014, was heard on the transcript of the record. We **DISMISS** for want of jurisdiction the portions of appellants Quincy K.A. Sintim's and Shirley H. Mills n/k/a Shirley H. Sintim's appeal challenging the validity of the default judgment and the trial court's post-judgment orders as they concern post-judgment discovery. We **AFFIRM** the trial court's award of attorney's fees as sanctions.

We order the Sintims, jointly and severally, to pay all costs incurred in this appeal.

We further order this decision certified below for observance.

**WHEREFORE, WE COMMAND YOU** to observe the order of our said Court in this behalf and in all things have it duly recognized, obeyed, and executed.

**WITNESS**, the Hon. Kem Thompson Frost, Chief Justice of our Fourteenth Court of Appeals, with the Seal thereof affixed, at the City of Houston, May 19, 2016.

**CHRISTOPHER A. PRINE, CLERK**





P1145-2014052732-3

2014044564

5 PGS

20140219149
05/23/2014  RP1  $16.00

1404469

## ABSTRACT OF JUDGMENT

### CAUSE NO. 2002-40624A

### RECEIPT NO. 40064

MICHELE LARSON AND BRIAN LARSON

VS.

QUINCY K.A. SINTIM AND SHIRLEY H. MILLS
N/K/A SHIRLEY H. SINTIM, ET AL

IN THE DISTRICT COURT

OF HARRIS COUNTY, TEXAS

152ND JUDICIAL DISTRICT

I, CHRIS DANIEL, DISTRICT CLERK of Harris County, Texas, do hereby certify that the following and foregoing is a true and correct Abstract of the Judgment rendered in the 152ND DISTRICT COURT on the 20TH day of DECEMBER, 2002 in Cause No. 2002-40624A in favor of **MICHELE LARSON AND BRIAN LARSON**, Judgment Creditor(s), in Judgment, vs.

| JUDGMENT DEBTOR(S) | DOB | TDL | SS# |
|---|---|---|---|
| **QUINCY K A SINTIM and** | UNKNOWN | UNKNOWN | XX-XX-X888 |
| **SHIRLEY H MILLS n/k/a** | UNKNOWN | UNKNOWN | XXX-XX-X370 |
| **SHIRLEY H SINTIM, jointly and severally** | | | |
| 16707 SOUTHERN OAKS DR | | | |
| HOUSTON TX 77068-1507 | | | |

Judgment debtor(s) in said Judgment, as appears of record in my office in Image No. 4264252 for the 152nd District Court of Harris County, Texas.

Amount of Judgment:  109 Thousand 173 Hundred and 21/100ths Dollars ($109,173.21) as actual damages, the sum of 218 Thousand 346 Hundred and 42/100ths Dollars ($218,346.42) as punitive damages, plus prejudgment interest at the rate of ten percent (10%) per annum;

Amount of Attorney Fees:  $131,007.88;

Rate of Interest:  Postjudgment interest on the total of the above at the rate of ten percent (10%) per annum from the date of this Judgment until paid;

Amount of Cost:  Plaintiff's Recoverable Costs: $150.00;

Amount of Credits:  None;

Amount Due:  Full Amount;

Given under my hand and seal of said Court at Houston, Texas this 13TH day of MAY, 2014, A.D.

Issued at the request of:
DAVID W SHOWALTER
SHOWALTER LAW FIRM
1117 FM 359 STE 200
RICHMOND TX 77406

Bar No.: 18306500

CHRIS DANIEL District Clerk
HARRIS COUNTY, T E X A S

BY _____, Deputy
CRYSTAL LOPEZ

**Judgment Creditor(s) Address:**
1117 FM 359 STE 200
RICHMOND TX 77406

### Exhibit
### D

PJ-21   R11-12-90

VOL 1425 PG318

RP 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

**FILED FOR RECORD**
8:00 AM

MAY 23 2014

*Stan Stanart*
County Clerk, Harris County, Texas

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL
PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
   I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time
stamped hereon by me, and was duly RECORDED, in the Official Public Records of Real Property of Harris
County, Texas

MAY 23 2014



*Stan Stanart*
COUNTY CLERK
HARRIS COUNTY, TEXAS

VOL 425 PG319

Doc# 2014052732

**FILED FOR RECORD**
06/04/2014   12:17PM

COUNTY CLERK
MONTGOMERY COUNTY, TEXAS

STATE OF TEXAS
COUNTY OF MONTGOMERY
I hereby certify this instrument was filed in file number
sequence on the date and at the time stamped herein
by me and was duly RECORDED in the Official Public
Records of Montgomery County, Texas.

**06/04/2014**

County Clerk
Montgomery County, Texas

Ret

# Showalter
## LAW FIRM
1117 FM 359, Suite 200
RICHMOND, TEXAS 77406

**FILED AND RECORDED**
OFFICIAL PUBLIC RECORDS

Dianne Wilson, County Clerk
Fort Bend County, Texas
June 23, 2014   01:06:45 PM
FEE: $17.00 JE
AJ

2014065011

1404469

FILED FOR RECORD

14 JUL 11 AM 11: 45

DEBBIE HOLLAN
COUNTY CLERK
WALLER COUNTY, TX.
DEPUTY

13.00
10.00
1.00
_____
24.00 pd

# **Showalter**
### LAW FIRM

1117 FM 359, Suite 200
RICHMOND, TEXAS 77406

THE STATE OF TEXAS
COUNTY OF WALLER

I hereby certify that this instrument was FILED on the date and at the time
stamped hereon by me and was duly RECORDED in the Official Public Records
of Waller County, Texas, in the Volume and Page as noted hereon by me.

*Debbie Hollan*

**County Clerk, Waller County, Texas**

## FILED AND RECORDED

OFFICIAL PUBLIC RECORDS

2014044564

August 08, 2014  10:04:55 AM

FEE: $38.00

Dwight D. Sullivan, County Clerk

Galveston County,  TEXAS

Filed 16 November 02 A8:48
Chris Daniel - District Clerk
Harris County

CAUSE NO. 2002-40624A

Pgs-4

| | | |
|---|---|---|
| LARSON, MICHELE | § | IN THE DISTRICT COURT OF |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SINTIM, QUINCY K A | § | 152ND JUDICIAL DISTRICT |

APREX
STIPX

## ORDER

Pending before this Court is Brian Larson and Michele Larson's (hereinafter referred to as Larson) Application for Turnover Relief and Request for Appointment of Receiver. Larson appeared by and through counsel, and Defendants Quincy K. A. Sintim and Shirley H. Sintim (hereinafter referred to as Sintim) appeared by and through counsel. The Court, having thoroughly considered the evidence, pleadings, the file, and argument of counsel makes the following findings of fact:

(a)      On December 20, 2002, a Final Judgment (hereinafter referred to as the Final Judgment) was entered by this Court in the above entitled lawsuit in which this Court awarded Larson the amount of one hundred nine thousand one hundred seventy-three and 21/100 dollars ($109,173.21) and an additional two hundred eighteen thousand three hundred forty-six and 42/100 dollars ($218,346.42) in punitive damages plus prejudgment interest at the rate of ten percent (10%) per annum and post judgment interest at the rate of ten percent (10%) per annum until paid. Larson was also awarded attorney's fees in the amount of one hundred thirty-one thousand seven and 86/100 dollars ($131,007.86).

(b)      On October 27, 2003, Larson caused to be filed an Abstract of Judgment for the amounts contained in the Final Judgment.

(c)      On or about April 28, 2011, Sintim purchased real property known as 16707

```
┌─────────────────┐
│                 │
│    Exhibit      │
│                 │
│      E          │
│    _____       │
│                 │
└─────────────────┘
```

Southern Oaks Drive, Houston, Harris County, Texas 77068, (hereinafter referred to as the Southern Oaks Drive property) and being described as Lot Nine (9) in Block Two (2) of Estates of Northgate Forest, an addition in Harris County, Texas; being further described in that certain General Warranty Deed, dated April 28, 2011, recorded under Clerk's File Number: 20110173955 in the Official Public Records of Real Property of Harris County, Texas.

     (d)    At the time Sintim purchased the Southern Oaks Drive property, it was not designated as Sintim's homestead in the Harris County real property records.

     (e)    At the time Sintim purchased the Southern Oaks Drive, property located at 5203 Norborne Lane, Houston, Texas 77069 was designated as Sintim's homestead.

     (f)    On May 23, 2014, Larson caused to be filed a second Abstract of Judgment for the amounts contained in the Final Judgment.

     (g)    On July 2, 2014, Sintim conveyed the Southern Oaks Drive property to QSS Interests, LLC.

     (h)    On November 3, 2015, QSS Interests, LLC conveyed the Southern Oaks Drive property to Sintim.

     (i)    On November 3, 2015, Sintim conveyed the Southern Oaks Property to the Quincy K-A Sintim and Shirley Mills Sintim Revocable Living Trust UTA 7/2/14 (hereinafter referred to as the Trust).

     (j)    At some time subsequent to the conveyance of the Southern Oaks Drive property to the Trust, the property was designated as Sintim's homestead.

     The Court makes the following conclusions of law:

(a)     "When an abstract of judgment is recorded and indexed it constitutes a lien and attaches to any real property owned by the defendant that is not exempt." *Hankins v. Harris*, 2016 WL 4032639 (Tex. App., Hou. [1st District] July 26, 2016).

(b)     When Sintim purchase the Southern Oaks Drive property it was not designated as Sintim's homestead.

(c)     When Sintim purchase the Southern Oaks Drive property it was not exempt.

(d)     When Sintim purchase the Southern Oaks Drive property the abstract of judgment filed in this matter constituted a lien and attached to the Southern Oaks Drive property.

(e)     Larson properly filed and recorded a judgment lien on the Southern Oaks Drive property.

(f)     The Larson's judgment lien attached to the Southern Oaks Property before Sintim designated the Southern Oaks Drive property as his homestead.

(g)     The Southern Oaks Drive property may be used to satisfy to satisfy the Larson's judgment lien as the Southern Oaks Drive property is not exempt from attachment, execution, seizure or receivership.

It is, therefore, Ordered Adjudged and Decreed that:

(1)     Samuel R. Collins is hereby appointed as a receiver, whose address is 3730 Kirby Dr., Suite 777, Houston, TX 77098.

(2)     The Receiver is hereby authorized and directed to take possession of Lot Nine (9), in Block Two (2) of Estates of Northgate Forest, an addition in Harris County, Texas, according to the map or plat thereof recorded in Film Code No. 358124 of the Map Records of Harris County, Texas; being further described in that certain General Warranty Deed, dated April 28, 2011, recorded under Clerk's File Number: 20110173955 in the Official Public Records of Real

Property of Harris County, Texas, said property being more commonly known as 16707 Southern Oaks Drive, Houston, Harris County, Texas 77068 [the Property], market and take all acts necessary to sell the Property.

(3)     The Receiver is fully authorized to take all acts necessary to sell the Property to satisfy the Plaintiff's lien, and shall report to the Court regarding the contract of sale entered into by the Receiver, obtain approval of the Court of the contract of sale and the consummation of the sale and disburse the proceeds of sale in the following order:

       (a)     Receiver's fees and expenses,

       (b)     All costs of sale,

       (c)     Plaintiffs' Expenses and Fees,

       (d)     Satisfaction of the Plaintiffs' Judgment Lien,

       (e)     Any unpaid property taxes associated with the property, and

       (f)     Any remaining proceeds shall be deposited into the registry of the Court to be disbursed to Defendants or others pursuant to order of this Court.

SIGNED November 1, 2016.

Robert K. Schaffer
Presiding Judge

Unofficial Copy Office of Chris Daniel District Clerk

NOR P-3
5

No. 2002-40624A

| | | |
|---|---|---|
| MICHELE LARSON AND<br>BRIAN LARSON | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| QUINCY K.A. SINTIM AND SHIRLEY H.<br>MILLS N/K/A SHIRLEY H. SINTIM,<br>SOLOMON TAMAKLO, INDIVIDUALLY,<br>EXECUTIVE CONTRACTORS, INC. D/B/A<br>CENTURY 21 EXECUTIVE NORTHWEST<br>REALTY, GEORGE W. MUNNS,<br>INDIVIDUALLY AND D/B/A DEAN<br>INSPECTION ENTERPRISE | § | |
| | § | |
| Defendants. | § | 152ND JUDICIAL DISTRICT |

FILED
CHARLES BACARISSE
District Clerk

DEC 20 2002

Harris County, Texas

By_____ Deputy

## FINAL JUDGMENT BY DEFAULT AS TO DEFENDANTS QUINCY K.A. SINTIM AND SHIRLEY H. MILLS N/K/A SHIRLEY H. SINTIM

On this _____ day of _____, 2002, came on to be heard the above-entitled and numbered cause wherein Michele Larson and Brian Larson are Plaintiffs and Quincy K.A. Sintim and Shirley H. Mills n/k/a Shirley H. Sintim, Solomon Tamaklo, Individually, Executive Contractors, Inc. d/b/a Century 21 Executive Northwest Realty, George W. Munns, Individually and db/a Dean Inspection Enterprise are Defendants. The Plaintiffs appeared in person and by their attorney of record and announced ready for trial. Defendants, Quincy K.A. Sintim and Shirley H. Mills n/k/a Shirley H. Sintim, although having been duly and legally cited to appear and answer, failed to appear and answer, and wholly made default.

Citations was served according to law and returned to the Clerk where they remained on file for the time required by law. The Court has read the pleadings and the papers on file, and is of the

\\Server1\IUMy\Files\CLIENTS\1495.01\default judgment\final judgment by default as to sintims & tamaklo.wpd
11-04-02

| Exhibit |
|---|
| A |

Certified Document Number: 4264252 - Page 1 of 3

opinion that the allegations of Plaintiffs' petition have been admitted and that the cause of action is unliquidated and, on good and sufficient evidence presented to the Court, finds that Defendants Quincy K.A. Sintim and Shirley H. Mills n/k/a Shirley H. Sintim, are jointly and severally indebted to Plaintiffs in the sum of _109_ Thousand _173_ Hundred and 00/100ths Dollars ($ _109,173.21_ ) as actual damages, the sum of _218_ Thousand _346_ Hundred and 00/100ths Dollars ($ _218,346.42_ ) as punitive damages, plus prejudgment interest on the ~~sum of $ _____ and~~ at the rate of ten percent (10%) per annum ~~from~~ ~~_____ to the date of this Judgment~~, all costs of court in this behalf expended, with postjudgment interest on the total of the above at the rate of ten percent (10%) per annum from the date of this Judgment until paid.

Plaintiffs requested and proved reasonable attorney's fees of $ _131,007.96_ The court orders Quincy K.A. Sintim and Shirley H. Mills n/k/a Shirley H. Sintim, jointly and severally, to pay Plaintiffs the sum of $ _131,007.96_ in attorney's fees.

The Court finds that Defendants Quincy K.A. Sintim and Shirley H. Mills n/k/a Shirley H. Sintim committed fraud against Plaintiffs in that Defendants represented to Plaintiffs that the home they purchased from Quincy K.A. Sintim and Shirley H. Mills n/k/a Shirley H. Sintim located at 5539 Woodland Glade, Houston, Texas 77066-5115 was in good condition and they denied any knowledge of any defects or malfunctions of the interior walls, roof or other structural component, any roof or structural repairs, water penetrations and specifically denied that they were aware of any item of equipment or system in the home which was in need of repair. These representations were false and material. Plaintiffs relied on these representations to their injury and damage and that the representations were made knowingly to induce Plaintiffs to purchase the home.

Certified Document Number: 4264252 - Page 2 of 3

Costs are taxed against these defaulting Defendants.

Plaintiffs are allowed such writs and processes as may be necessary in the enforcement and collection of this Judgment.

SIGNED this _20th_ day of _December_ , 2002.

_____
PRESIDING JUDGE

APPROVED AND ENTRY REQUESTED:

LAW OFFICES OF DAVID W. SHOWALTER LLP


By:_____
     David W. Showalter
     TBA #18306500

5231 Bellaire Boulevard
Bellaire, Texas 77401-3901
(713) 660-0491
(713) 660-0493 FAX

ATTORNEYS FOR PLAINTIFFS
MICHELE LARSON AND BRIAN LARSON

\\Server1\USMyFiles\CLIENTS.1495.01\default judgment\final judgment by default as to shafins & tanaklto.wpd
11-04-02

Certified Document Number: 4264252 - Page 3 of 3



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this    October 31, 2012

Certified Document Number:         4264252

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

ησα P-3
5.

No. 2002-40624A

| | | |
|---|---|---|
| MICHELE LARSON AND<br>BRIAN LARSON | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| Plaintiffs, | §<br>§ | |
| vs. | §<br>§ | HARRIS COUNTY, TEXAS |
| QUINCY K.A. SINTIM AND SHIRLEY H.<br>MILLS N/K/A SHIRLEY H. SINTIM,<br>SOLOMON TAMAKLO, INDIVIDUALLY,<br>EXECUTIVE CONTRACTORS, INC. D/B/A<br>CENTURY 21 EXECUTIVE NORTHWEST<br>REALTY, GEORGE W. MUNNS,<br>INDIVIDUALLY AND D/B/A DEAN<br>INSPECTION ENTERPRISE | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | FILED<br>CHARLES BACARISSE<br>District Clerk<br>DEC 2 0 2002<br>Harris County, Texas<br>By_____ Deputy |
| Defendants. | § | 152ND JUDICIAL DISTRICT |

### FINAL JUDGMENT BY DEFAULT AS TO DEFENDANTS QUINCY
### K.A. SINTIM AND SHIRLEY H. MILLS N/K/A SHIRLEY H. SINTIM

On this _____ day of _____, 2002, came on to be heard the above-entitled and

numbered cause wherein Michele Larson and Brian Larson are Plaintiffs and Quincy K.A. Sintim

and Shirley H. Mills n/k/a Shirley H. Sintim, Solomon Tamaklo, Individually, Executive

Contractors, Inc. d/b/a Century 21 Executive Northwest Realty, George W. Munns, Individually and

d/b/a Dean Inspection Enterprise are Defendants.  The Plaintiffs appeared in person and by their

attorney of record and announced ready for trial.  Defendants, Quincy K.A. Sintim and Shirley H.

Mills n/k/a Shirley H. Sintim, although having been duly and legally cited to appear and answer,

failed to appear and answer, and wholly made default.

Citations was served according to law and returned to the Clerk where they remained on file

for the time required by law.  The Court has read the pleadings and the papers on file, and is of the

Certified Document Number: 4264252 - Page 1 of 3


opinion that the allegations of Plaintiffs' petition have been admitted and that the cause of action is unliquidated and, on good and sufficient evidence presented to the Court, finds that Defendants Quincy K.A. Sintim and Shirley H. Mills n/k/a Shirley H. Sintim, are jointly and severally indebted to Plaintiffs in the sum of _109_ Thousand _173_ Hundred and 21/100ths Dollars ($ _109,173.21_ ) as actual damages, the sum of _218_ Thousand _346_ Hundred and 43/100ths Dollars ($ _218,346.42_ ) as punitive damages, plus prejudgment interest on the sum of $ _____ and at the rate of ten percent (10%) per annum from _____ to the date of this Judgment, all costs of court in this behalf expended, with postjudgment interest on the total of the above at the rate of ten percent (10%) per annum from the date of this Judgment until paid.

Plaintiffs requested and proved reasonable attorney's fees of $ _131,007.86_ The court orders Quincy K.A. Sintim and Shirley H. Mills n/k/a Shirley H. Sintim, jointly and severally, to pay Plaintiffs the sum of $ _131,007.86_ in attorney's fees.

The Court finds that Defendants Quincy K.A. Sintim and Shirley H. Mills n/k/a Shirley H. Sintim committed fraud against Plaintiffs in that Defendants represented to Plaintiffs that the home they purchased from Quincy K.A. Sintim and Shirley H. Mills n/k/a Shirley H. Sintim located at 5539 Woodland Glade, Houston, Texas 77066-5115 was in good condition and they denied any knowledge of any defects or malfunctions of the interior walls, roof or other structural component, any roof or structural repairs, water penetrations and specifically denied that they were aware of any item of equipment or system in the home which was in need of repair. These representations were false and material. Plaintiffs relied on these representations to their injury and damage and that the representations were made knowingly to induce Plaintiffs to purchase the home.

Certified Document Number: 4264252 - Page 2 of 3

Costs are taxed against these defaulting Defendants.

Plaintiffs are allowed such writs and processes as may be necessary in the enforcement and collection of this Judgment.

SIGNED this _20^TH_ day of _December_, 2002.

_____
PRESIDING JUDGE

APPROVED AND ENTRY REQUESTED:

LAW OFFICES OF DAVID W. SHOWALTER LLP

By:_____
    David W. Showalter
    TBA #18306500

5231 Bellaire Boulevard
Bellaire, Texas 77401-3901
(713) 660-0491
(713) 660-0493 FAX

ATTORNEYS FOR PLAINTIFFS
MICHELE LARSON AND BRIAN LARSON

Certified Document Number: 4264252 - Page 3 of 3



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this    October 31, 2012

Certified Document Number:        4264252

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**



County Auditor's Form/9999A  
Harris County, Texas (Rev 04/01)

**Official Receipt**

52 NO. 2404

# CHRIS DANIEL DISTRICT CLERK

Action  PUBLIC SERVICE                         Case: 200240624A-7        Trans ID: 206315885        Court: 152  
Style      PLT  LARSON, MICHELE  
              DEF  SINTIM, QUINCY K A

| Fee | Description | | Amount | Payment   Check | 2004 | $6.00 |
|-----|-------------|--|--------|-----------------|------|-------|
| 234 | CERTIFIED COPIES CIVIL | | $6.00 | Amount Tendered | | $6.00 |

Comment:

Payment Amount                                    $6.00  
Amount Applied                                      $6.00  
Change Amount                                      $0.00  

Received        LAW OFFICES OF DAVID W        LFI02379  
                    SHOWALTER LLP  
Of                  1117 FM 359 ROAD SUITE 200  
                    RICHMOND, TX  77406  

SIX  AND  00/100 **********************Dollars  

Payment Date: 11/2/2012                    File Date: 8/9/2002  

Assessed By: MARSHALL, TAMRA C  
Validated: 11/2/2012        By: YEARWOOD, MARTHA  

**CUSTOMER COPY**